1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  CARLOS ROMERO ROJO,                    CASE NO. 1:09-cv-01152-AWI-SMS PC

10                       Plaintiff,        FINDINGS AND RECOMMENDATIONS
                                           RECOMMENDING DISMISSAL OF ACTION,
11         v.                              WITH PREJUDICE, FOR FAILURE TO
                                           STATE A FEDERAL CLAIM
12  FBOP, et al.,
                                           (Doc. 20)
13                       Defendants.
                                           OBJECTIONS DUE WITHIN THIRTY DAYS
14  _____/

15

16         **Findings and Recommendations Following Screening of Amended Complaint**

17  **I.    Screening Requirement**

18         Plaintiff Carlos Romero Rojo, a federal prisoner proceeding pro se and in forma pauperis,

19  filed this civil action on June 16, 2009, pursuant to Bivens v. Six Unknown Named Agents of

20  Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil

21  rights by federal actors.  On December 15, 2009, the Court dismissed Plaintiff's complaint, with

22  leave to amend, for failure to state any claims.  Plaintiff filed an amended complaint on December

23  28, 2009.

24         The Court is required to screen complaints brought by prisoners seeking relief against a

25  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4       A complaint must contain "a short and plain statement of the claim showing that the pleader

5  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

7  do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

8  Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  "[P]laintiffs [now] face a higher

9  burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a

10 plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences,"

11 Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and

12 citation omitted).

13      To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations

14 sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret

15 Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of

16 meeting this plausibility standard.  Id.

17 **II.   Plaintiff's Eighth Amendment Medical Care Claim**

18      **A.   Allegations**

19      Plaintiff is currently housed at the Federal Correctional Institution in Adelanto, California.

20 The events at issue in this action occurred at the United States Penitentiary in Atwater, California.

21 In his amended complaint, Plaintiff names Warden Hector A. Rios, Assistant Health Care

22 Administrator L. Mettreay, and Doctor Jon Franco as defendants, and is seeking money damages and

23 medical treatment as relief for the alleged violation of his rights.

24      Plaintiff alleges that he has a life threatening liver problem, and suffers from Hepatitis C,

25 cirrhosis, and syphilis.  On June 4, 2009, Defendant Franco informed Plaintiff that he was not

26 eligible for interferon treatment for his liver because he was "too far gone," and prescribed a

27 medication for Plaintiff's liver disease which caused Plaintiff to break out in a sore and a body rash.

28 ///

1 (Doc. 20, court record p. 3.)  Plaintiff was in the hole at the time and when he showed his condition

2 to Defendants Mettreay and Rios, both of them smirked and walked away from him.

3       Plaintiff also alleges that on June 4, 2009, he informed Defendant Franco that his band-aid

4 implant needed replaced, and should have been replaced in 2008.  Plaintiff alleges that Defendant

5 Franco informed him he was going to die but refused to allow him to be taken to an outside doctor.

6 Plaintiff alleges that since Franco concluded he did not want to help Plaintiff, he should have

7 appointed another doctor for a second opinion and for further medical treatment.  Plaintiff alleges

8 his was in pain from his liver issue, but Franco took his "well being for granted" and told him he was

9 too far gone.  (Id., p. 4.)

10     **B.**   **Discussion**

11       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

12 must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096

13 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

14 test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

15 demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

16 the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

17 deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

18 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

19 Cir. 1997) (en banc) (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving

20 medical treatment, the delay must have led to further harm in order for the prisoner to make a claim

21 of deliberate  indifference to serious medical needs.  McGuckin, 974 F.2d at 1060 (citing Shapely

22 v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

23       "A difference of opinion between a prisoner-patient and prison medical authorities regarding

24 treatment does not give rise to a [constitutional] claim."  Franklin v. Oregon, 662 F.2d 1337, 1344

25 (9th Cir. 1981) (internal citation omitted).  Therefore, Plaintiff's disagreement with Defendant

26 Franco's conclusion that Plaintiff was not eligible for interferon treatment does not give rise to a

27 cognizable claim.  Further, Plaintiff does not have an entitlement under the Constitution to a second

28 opinion or to treatment by an outside doctor.  Defendant Franco's medical opinion that Plaintiff's

1  condition is terminal and there is nothing further that can be done for him provides no basis for the

2  imposition of liability against Franco.

3  With respect to Defendants Mettreay and Rios, Plaintiff's allegations do not support a claim

4  that he was suffering from a serious medical need and that in ignoring him, Defendants knowingly

5  disregarded a substantial risk of harm to his health.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct.

6  1970 (1994).  Further, Plaintiff has not alleged facts demonstrating that the failure to provide him

7  immediate treatment for his sore and rash caused further harm.  McGuckin, 974 F.2d at 1060.

8  **IV.   Conclusion and Recommendation**

9  Plaintiff's amended complaint fails to state a claim upon which relief may be granted under

10  federal law.  Plaintiff was previously given leave to amend but was unable to cure the deficiencies

11  in his claim.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Given the legal claim at issue

12  and the nature of Plaintiff's allegations, that Court does not find that further leave to amend is

13  warranted.  While the Court does not minimize the distress that Plaintiff must be under in light of

14  being told his condition is terminal, the events complained of do not rise to the level of constitutional

15  violations.  Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with

16  prejudice, for failure to state a federal claim.

17  These Findings and Recommendations will be submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

19  **days** after being served with these Findings and Recommendations, Plaintiff may file written

20  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

21  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

22  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

23  1153 (9th Cir. 1991).

24  IT IS SO ORDERED.

25  **Dated:   January 5, 2010**                    **/s/ Sandra M. Snyder**
                                                          UNITED STATES MAGISTRATE JUDGE

26

27

28

4